

ENTERED
11/26/2007

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| AMANDA LE; aka AMANDA LE TRAN; § | CASE NO: 07-34244 |
| fdba DIAMOND CHINESE RESTAURANT; § | |
| dba OCEAN ONE II M/V FKA THANH § | |
| SANG II M/V; fdba PRINCESS ALENA M/V; § | |
| fdba ASHLEY LE TRAN II M/V, VINH Q § | |
| TRAN; dba OCEAN ONE M/V FKA NIKKIE § | |
| N II M/V; dba COUNTRY CLUB NAILS § | |
|     Debtor(s) § | |
| § | CHAPTER 12 |

## MEMORANDUM OPINION

Debtors claim an equitable interest in two shrimping vessels. Debtors are not the vessels' legal owners. However, Debtors have made all payments on the vessels and receive all income from the vessels. The Court holds that Debtors have an equitable interest in the vessels and that the equitable interest is property of the estate.

### Background

Amanda Le and Vinh Q Tran ("Debtors") filed a chapter 12 bankruptcy petition on June 28, 2007. Debtors listed two shrimping vessels in their schedules: *Ocean One* and *Ocean One II*. Debtors listed the vessels as each having a current market value of $275,000. Debtors also listed Business Loan Express ("BLX") as a secured creditor, holding a $450,000 secured claim on *Ocean One*, and a $625,000 secured claim on *Ocean One II*.

On July 18, 2007, BLX filed a motion asking the court to confirm that the automatic stay does not apply to the vessels. BLX noted that the promissory notes and other ownership documents are in the name of Justin Le, not Amanda or Vinh. Debtors' only legal interest in the vessels arises from a power of attorney agreement executed by Justin Le and Vinh. The power of attorney agreement is the only written agreement between Debtors and Justin. Consequently,

1

BLX contends that Debtors do not have an ownership interest in the vessels. Without an ownership interest, the vessels are not property of the estate.

On September 26, 2007, the Court held a hearing on BLX's motion. At the hearing, Debtors testified that Vinh's credit and investments precluded him from financing the vessels. Consequently, Justin Le, Amanda's cousin, agreed to help Debtors acquire the vessels by financing the vessels in his name. Debtors testified that all parties understood that Amanda and Vinh would be the true owners. Debtors also testified that they paid the down payments and documentation fees, all subsequent payments on the promissory notes, and paid all expenses on the vessels, including insurance and maintenance costs. Debtors also received all income from the vessels. Justin has never received income from the vessels or otherwise been compensated. Justin's association with the vessels has been limited solely to use of his credit.[1] Vinh testified that the power of attorney agreement was executed only because Vinh needed legal authority to obtain licensing and other required documents.

George Herrington, a consultant for BLX involved in the sale of the vessels also testified at the September 26th hearing. Herrington testified that Vinh was approved to purchase the vessels. However, Vinh voluntarily decided to forgo the purchase due to its potential impact on Vinh's other investments. Vinh then brought in Justin to purchase the boats. Herrington believed that Justin was and would be the true owner.

At the hearing's conclusion, the Court announced the following findings based on the witnesses' testimony and credibility:

● BLX intended to sell the vessels to Justin. BLX *did not* attempt to sell to a "straw man," as had been alleged by the Debtors.

---

[1] Amanda testified that a joint bank-account was opened in Amanda and Justin's name. However, the account was opened solely for the purpose of receiving an insurance check. The account was never used to pay expenses on the vessels or to deposit income derived from the vessels.

2

● Based on the relevant documents, Justin is the vessels' legal owner.

● Vinh, Amanda, and Justin all intended for Vinh and Amanda to be the vessels' owners.

● Vinh, Amanda, and Justin did not structure the vessels' purchase knowing that it was wrong, as alleged by BLX.

The Court requested the parties to brief the legal effect of the arrangement between BLX and Justin and Justin and Debtors.  The Court holds that Debtors have an equitable interest in the shrimping vessels.  Therefore, the vessels are property of the estate and are subject to the automatic stay.

## Jurisdiction and Venue

This Court has jurisdiction of this matter under 28 U.S.C. § 1334.  Venue is proper in this District pursuant to 28 U.S.C. §1409.

## Analysis

Section 362 of the Bankruptcy Code provides that the filing of a bankruptcy petition operates as a stay, applicable to all entities. 11 U.S.C. § 362(a). The stay acts as a "self-executing injunction." *See*, *e.g.*, *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 124 (Bankr. N.D. Tex. 2003) (citing *Gruntz v. County of Los Angeles*, 202 F.3d 1074, 1082 (9th Cir. 2000)).  The automatic stay has broad application and acts to restrain creditors from taking any action to continue collection efforts against the debtor or property of the estate. 11 U.S.C. § 362(a); *In re Chesnut*, 422 F.3d 298, 303 (5th Cir. 2005). The automatic stay prevents creditors from scrambling to collect a debtor's limited assets while providing a debtor breathing room so that an equitable disbursement of the debtor's assets may be made to creditors. *In re Chesnut*, 422 F.3d at 301.

However, the automatic stay does not apply to property that is not "property of the estate." 11 U.S.C. § 362(a). Property of the estate generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Debtors admit that they do not have a *legal* interest in the vessels. Nevertheless, Debtors contend that they have an *equitable* interest in the vessels. Debtors testified that they provided the $12,000-15,000 down payment and documentation fees, paid all expenses on and derived all income from the vessels. Though Debtors do not have legal title to the vessels, in all practical respects, the Debtors owned the vessels. There is no question that Justin and Debtors intended that Debtors would own the vessels and acted in accordance with that intent. The Court finds that Debtors have an equitable interest in the vessels sufficient to fall within the automatic stay's broad reach.[2]

---

[2] The Court notes that Debtors' "equitable interest" may arise from a resulting trust. *See In re Cox*, 175 B.R. 266 (Bankr. C.D. Ill. 1994); *In re Ford*, 296 B.R. 537, 542–43 (Bankr. N.D. Ga. 2003). "Equitable interests" are defined by state law. *In re Prudhomme*, 43 F.3d 1000, 1004 (5th Cir. 1995) (citing *In re Mondie Forge Co.*, 154 B.R. 232, 238 (Bankr. N.D. Ohio 1993)); *In re Missionary Baptist Found. of Am.*, 792 F.2d 502, 504 (5th Cir. 1986); *In re Scanlon*, 239 F.3d 1195, 1197 (11th Cir. 2001) ("The extent and validity of the debtor's interest in property is a question of state law.") (quoting *T & B Scottdale Contractors, Inc. v. United States*, 866 F.2d 1372, 1376 (11th Cir. 1989).

Under Texas law, "the doctrine of a resulting trust looks to valuable consideration, not legal title, as the deciding factor on equitable title or interest from a transaction." *Hubbard v. Shankle*, 138 S.W.3d 474, 486 (Tex. App.—Fort Worth, 2004, no pet.) (citing *In re Marriage of Loftis*, 40 S.W.3d 160, 165 (Tex. App.—Texarkana, 2001, no pet.)). "A resulting trust arises by operation of law when title is conveyed to one person but the purchase price or a portion thereof is paid by another. The parties are presumed to have intended that the grantee hold title to the use of him who paid the purchase price and whom equity deems to be the true owner. The trust arises out of the transaction and must arise at the time when the title passes." *Cohrs v. Scott*, 338 S.W.2d 127, 130 (Tex. 1960) (citing *Morrison v. Farmer*, 213, S.W.2d 813, 815 (Tex. 1948); *In re Estate of LaValle*, 218 S.W.3d 834, 836 (Tex. App.—Beaumont 2007, no pet. h.). A resulting trust is generally imposed on real property, but "any type of property may be impressed with a resulting trust." *Allen v. Rodriquez*, 480 S.W.2d 270, 271 (Tex. Civ. App.—Austin 1972, no pet.). "The doctrine of resulting trusts is founded on the presumed intention of the parties . . ." *San Antonio Loan & Trust Co. v. Hamilton*, 283 S.W.2d 19, 27–28 (Tex. 1955). Courts look to the facts and circumstances surrounding the transaction to discern the parties' intent. *Id.* The party asserting a resulting trust bears the burden of proving the trust's existence by clear and convincing evidence. *Nolana Dev. Ass'n. v. Corsi*, 682 S.W. 2d 246 (Tex. 1984); *Carson v. White*, 456 S.W.2d 212, 215 (Tex. Civ. App.—San Antonio 1970, no pet.).

However, the Court reserves judgment on the precise contours of Debtors' equitable interest. Imposing a resulting trust or otherwise making a final determination with respect to the extent of Debtors equitable interest would be improper outside an adversary proceeding involving Justin Le.

BLX contends that Debtors' interest in the vessels is limited to Vinh's interest as an agent.  BLX correctly notes that the only written agreement between Vinh and Justin is the power of attorney agreement.  BLX also cites case-law standing for the proposition that an agency relationship does not create an ownership interest.

BLX's argument is misplaced.  An agency relationship does not per se *create* an ownership interest.  But nether does an agency relationship per se *negate* an ownership interest.  Debtors do not contend that they have an ownership interest derived from the power of attorney agreement.  Rather, they contend that their equitable ownership interest derives from their conduct.  Specifically, the fact that Debtors made all payments on the notes, paid all expenses on the vessels, and received all income from the vessels.

BLX also contends that the parol evidence rule bars the Court from considering evidence outside of the written power of attorney agreement.  The parol evidence rule "generally bars enforcement of prior or contemporaneous agreements introduced to vary, add to, or contradict terms of a fully integrated written instrument." *Bejing Metals & Minerals Import/Export Corp. v. Am. Bus. Ctr., Inc.*, 993 F.2d 1178, 1182–83 (5th Cir. 1993).

The parol evidence rule has no application in this case.  The power of attorney agreement was not executed before or contemporaneous with Justin's purchase of the vessels.  The power of attorney agreement was executed after Justin obtained financing and only after Debtors realized that they needed the power of attorney agreement to legally execute the transactions necessary for maintaining and operating the vessels.  Moreover, Debtors' testimony was not offered to support an interpretation of the power of attorney agreement inconsistent with the agreement's terms.  Debtors do not contend that they have an ownership interest derived from the power of attorney agreement.  Debtor's testimony was offered to establish an *independent* basis for an

interest in the vessels. A power of attorney agreement is not so broad and powerful as to wholly define the principal and agent's relationship and immunize that relationship from the effects of any independent agreements or understandings.

## Conclusion

Based on the foregoing, Business Loan Express's motion (docket no. 8) is denied.

Signed at Houston, Texas, on November 21, 2007.

---

MARVIN ISGUR
United States Bankruptcy Judge